EDA

**FILED**
**MARCH 6, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1364**

| | | |
|---|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, and CHICAGO TILE INSTITUTE PENSION PLAN | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) ) | **JUDGE DER-YEGHIAYAN MAGISTRATE JUDGE DENLOW** |
| TILE CONCEPTS, INC. | ) ) ) | |
| Defendants. | ) | |

## C O M P L A I N T

Plaintiffs, the CHICAGO TILE INSTITUTE WELFARE PLAN, et al., by their attorneys, the law firm of GREGORIO & ASSOCIATES, complain of the Defendant, TILE CONCEPTS, INC., (hereafter referred to as "Defendant"), and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The CHICAGO TILE INSTITUTE WELFARE PLAN, and the CHICAGO TILE INSTITUTE PENSION PLAN, (hereinafter referred to as the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CERAMIC TILE, TERRAZZO, AND GRANITE CUTTERS UNION LOCAL NO. 67, (hereinafter referred to as the "Union").

3. The Trust Funds are multi-employer plans as defined under 29 U.S.C. § 1002.

4. The Trust Funds are administered at 725 E. Irving Park Road, Suite B, Roselle, Illinois and venue is proper in the Northern District of Illinois.

5.      The Defendant is an employer engaged in an industry affecting commerce which entered into a Collective Bargaining Agreement (hereinafter referred to as the "CBA") with the Union.  **(Exhibit A)**.  The CBA binds the Defendant to the terms of the Trust Agreements which created the Trust Funds.

6.      The CBA and Trust Agreements require the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees.  In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by its subcontractors who are not signatory to a CBA with the Union.

7.      The CBA and Trust Agreements provide that employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit fees and other reasonable costs incurred in the collection process.

8.      The CBA and Trust Agreements further provide that the Plaintiffs have a right to audit the books and records of the defendant to determine if any additional contributions are due.

9.      The Defendant breached the provisions of the CBA and Trust Agreements by failing to submit all required contributions for the time period commencing July of 2004 through July of 2007.

10.     The Defendant breached the provisions of the CBA and Trust Agreements by: 1) failing to pay liquidated damages; 2) failing to pay contributions due pursuant to the 160 hour rule; and 3) failing to pay contributions for the month of January 2008.

11.     Under the terms of the provisions of the CBA, Trust Agreements and 29 U.S.C.§1132(g)(2)(b) Defendant is liable for liquidated damages per month that all contributions are not timely paid.

12.     As a result of said breaches, the Defendant is also liable to the plaintiffs for the following ancillary damages:

    a. attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D);

    b. liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

    c. double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiffs pray:

A. That the Defendant be ordered to submit liquidated damages for, pay contributions owed under the 160 hour rule and for January 2008.

B. That the Defendant be ordered to pay audit discrepancies for the time period of July 2004 through July 2007.

C. That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

D. That the Defendant be ordered to pay interest or liquidated damages on any amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).

E. That the Defendant be ordered to pay reasonable attorney fees and costs incurred by the Plaintiffs.

F. That Plaintiffs have such other and further relief as the Court deems just and equitable.

                                BY:    s/ Michael J. McGuire
                                         MICHAEL J. MCGUIRE

Michael J. McGuire
ARDC#: 6290180
Gregorio & Associates
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343